# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| United States of America, | * | |
| Plaintiff-Respondent, | * | |
| | * | No. CR 096-2067 |
| v. | * | |
| | * | ORDER |
| Daniel Edward Bouska, | * | |
| Defendant-Petitioner. | * | |

The matter before the court is the defendant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 196, filed under seal) and other, related filings. A jury convicted the defendant of conspiring to distribute, and conspiring to possess with intent to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The jury also found against the defendant as to an issue of forfeiture under 21 U.S.C. § 853(a) regarding certain real estate.

At the sentencing hearing, the defendant stated to the court that he was satisfied with counsel in all respects. At the same time, the defendant stated that he had fully reviewed the presentence report. This court sentenced the defendant to 121 months' imprisonment. In doing so, this court attributed to the defendant only those drugs he personally distributed and not all of the drugs that his fellow conspirators distributed. This court also applied a firearms enhancement and denied a mitigating role reduction.

The defendant appealed his conviction and sentence. Regarding his conviction, the defendant appealed only this court's denial of his request for a mistrial following certain government statements to the jury regarding excluded evidence. The defendant did not raise any issues that touched upon advice of counsel, the decision

not to cooperate, or the decision to plead not guilty and take the case to trial. The Eighth Circuit affirmed in an unpublished opinion. United States v. Swant, et al., 141 F.3d 1171 (table), 1998 WL 96743 (8th Cir. 1998).

The defendant filed the present petition under § 2255 arguing ineffective assistance of counsel based on counsel's purported failure to fully explain to him the potential sentence that he faced and the possible consequences of proceeding to trial rather than pleading guilty. In his petition, the defendant asked for an evidentiary hearing. The government prepared a brief in resistance to the defendant's petition (Doc. No. 210). Transcripts of the pre-trial hearing, trial, and sentencing hearing were prepared. The defendant subsequently identified purported outstanding questions of fact and moved for limited discovery in lieu of or in addition to the evidentiary hearing (Doc. No. 213).

More than one year and three months after the Eighth Circuit ruled on the defendant's appeal, and while his initial § 2255 petition was pending, the defendant filed another petition for relief (Doc. No. 220, filed under seal). The subsequent petition was entitled "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651." In this subsequent petition, he renewed his claim regarding ineffective assistance of counsel at the plea stage. He also raised for the first time an Eighth Amendment, excessive fines claim based on the forfeiture order and a denial of due process claim.

This court granted the defendant an evidentiary hearing on his § 2255 petition. The defendant was present at the hearing. A new attorney entered an appearance for the defendant and participated in the hearing with the defendant.

Because the second petition was not timely filed, this court may only address those claims that "relate back" to the original petition. United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Accordingly, this court may not address the

defendant's Eighth Amendment excessive fines claim nor his due process claim. Regarding the ineffective assistance of counsel claim raised in both petitions, this court finds the claim to be without merit. In order to prevail it is necessary to demonstrate prejudice. Here, the credible evidence shows that the defendant at all times maintained his innocence and that he was unwilling to negotiate with the government or consider cooperation without an offer of complete immunity. Having been granted an evidentiary hearing, the defendant provided no credible evidence to support his claim that the actions of counsel deprived him of an actual opportunity to obtain a favorable plea agreement. For this reason and the reasons set forth in the government's brief, the defendant's petition is denied.

It is ordered that:

(1) The defendant's motion for a new trial (Doc. No. 103) was denied in open court during the defendant's sentencing hearing and the clerk is instructed to make an entry on the docket to reflect this fact.

(2) The defendant's petition for relief under 28 U.S.C. § 2255 (Doc. No. 196) is denied.

(3) The defendant's motion for discovery (Doc. No. 213) is denied.

(4) The defendant's motion (Doc. No. 219) to file Doc. No. 220 under seal is granted.

(5) The defendant's "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651" (Doc. No. 220) is denied.

(6) A certificate of appealability is denied.

Done and ordered this 2nd day of Dec, 2005.

_____
Michael J. Melloy, UNITED STATES CIRCUIT JUDGE, Sitting by Designation.